IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:12CV18-MR-DSC

| | |
|---|---|
| J. TEDD SMITH, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| v. ) | |
| ) | |
| E&E CO., LTD, ) | |
| INC., ) | |
| ) | |
| Defendant ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Dismiss Counterclaims" (document #9) filed February 27, 2012, as well as the parties' briefs and exhibits. See documents ##10, 12 and 14.

On May 29, 2012, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion be denied, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations in Defendant's Counterclaims as true, Plaintiff was President of International Home Fashions, Inc. ["IHF"]. During June 2008, IHF was preparing to file for Chapter 11 bankruptcy. On June 2, 2008, Plaintiff and Edmond Jinn formed 1967 Bedding, LLC. At that time, Jinn was also Defendant's CEO. Defendant contends that 1967 Bedding, LLC was a joint venture intended to sell IHF's blankets.

On June 3, 2008, IHF and 1967 Bedding, LLC entered an Agreement to Sell Assets ["the Assets Agreement"], subject to bankruptcy approval. Neither Plaintiff nor Defendant were parties to the Assets Agreement, but Defendant alleges the parties understood that Defendant would be selling the blankets and paying IHF's creditors. The purpose of the Assets Agreement was to liquidate IHF's 2008 season inventory and accounts receivable, allow 1967 Bedding, LLC to share in the profits generated by the liquidation, and thereby generate commissions for the benefit of IHF's creditors in bankruptcy. By the Assets Agreement, IHF sought to transfer all its remaining 2008 season inventory, accounts receivable, and other assets to 1967 Bedding, LLC.

The parties also agreed that Plaintiff would work for Defendant as Vice President of Sales, in effect selling his own product through Defendant's stronger business, and receive salary increases and commissions based on his sales.

In the Assets Agreement, IHF recited the "perceived value" and probable liquidation value of its inventory and accounts receivable. Defendant alleges that Plaintiff "failed to disclose a significant liability in the Assets Agreement." Specifically, Plaintiff did not disclose IHF's pre-petition liabilities resulting from its obligations to buy back from QVC and other unidentified customers any IHF product they did not sell. Defendant alleges it incurred hundreds of thousands of dollars in losses as a result of IHF's undisclosed obligations to re-purchase the unsold product.

On December 20, 2011, Plaintiff filed his Complaint in Buncombe County Superior Court, alleging a claim for breach of contract and seeking damages in excess of $150,000 for unpaid commissions.

On January 26, 2012, Defendant removed the state court action to the United States District Court for the Western District of North Carolina. Defendant alleges the existence of diversity subject matter jurisdiction. Removal has not been challenged and appears proper.

On February 2, 2012, Defendant filed its "Answer and Counterclaims" for constructive fraud and deceptive trade practices.

On February 27, 2012, Plaintiff filed his "Motion to Dismiss Counterclaims," contending that Defendant has failed to allege that he made false representations with sufficient particularity to support his counterclaims.

Plaintiff's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Defendant alleges that Plaintiff breached a fiduciary duty as a joint venturer and as managing member of 1967 Bedding when he misrepresented the value of IHF's business. Whether a fiduciary relationship exists is a fact-intensive question to be determined by a jury. Smith v. GMAC Mortg. Co., No. 5:06CV125-V, 2007 WL 2593148, *6, 9 (W.D.N.C. Sept. 5, 2007). A jury could reasonably find that a fiduciary relationship exists where circumstances indicate "obligations of trust, confidence, and good faith." Id.

Defendant has alleged more than sufficient facts supporting its claims for constructive fraud

4

and deceptive trade practices. See Collier v. Bryant, 719 S.E.2d 70, 81 (N.C. Ct. App. 2011) (constructive fraud found where the facts showed (1) a relationship of trust and confidence, (2) in a transaction in which the defendant took advantage of that relationship (3) seeking to benefit himself); see also Governors Club, Inc. v. Governors Club Ltd. Partnership, 567 S.E.2d 781, 788 (N.C. Ct. App. 2002) (finding that allegations sufficient to allege constructive fraud are also sufficient to allege deceptive trade practices, which requires that (1) the defendant engaged in a deceptive trade practice or act, (2) in or affecting commerce, and (3) such act proximately caused plaintiff injury). Defendant alleges that Plaintiff owed it a fiduciary duty to disclose the buy back arrangements he made with significant IHF customers and failed to do so. Defendant has also alleged that it was damaged by this misrepresentation when QVC and other customers deducted hundreds of thousands of dollars from payments the joint venture otherwise would have received.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Dismiss Counterclaims" (document #9) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: May 30, 2012

David S. Cayer
United States Magistrate Judge